IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MICHAEL PAUL BRADLEY,

                    Petitioner

          VS.                                         NO.  3:10-CV-33 (CDL)

DONALD BARROW, WARDEN,

                    Respondent

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Donald Barrow's motion seeking dismissal of the above-captioned petition.  Tab #12.  Therein, respondent Barrow contends that the instant petition should be dismissed as untimely according to the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d).  Petitioner Michael Paul Bradley has filed a response to the respondent's motion.  Tab #17.  The motion is now ripe for review.

## FACTUAL AND PROCEDURAL HISTORY

On June 3, 1996, petitioner Bradley was indicted by the Morgan County, Georgia Grand Jury for the offenses of felony murder based on the underlying felony of kidnaping; armed robbery; and hijacking a motor vehicle.  Following a jury trial conducted from July 14, 1997 to July 18, 1997, the petitioner was convicted on all counts.  The following day, the trial court imposed consecutive life sentences for felony murder and armed robbery and a concurrent twenty (20) year term for hijacking a motor vehicle.

On July 30, 1997, the petitioner filed a motion seeking a new trial.  This motion was denied on January 6, 2000.  On January 31, 2000, the petitioner filed a notice of appeal.  His appeal was docketed  on March 3, 2000.  It was submitted for a decision on April 24, 2000 and was affirmed in part and reversed in part on September 11, 2000.[1]  *Bradley v. State*, 272 Ga. 740 (2000).

_____

[1] In its September 11, 2000 opinion, the Georgia Supreme Court affirmed the petitioner's felony murder conviction and sentence.  Then, upon finding that venue had not been properly established, the court reversed the convictions for armed robbery and hijacking a motor vehicle.  There is no indication that the petitioner has since been re-indicted or tried for the offenses of armed robbery or hijacking a motor vehicle.

On December 22, 2000, the petitioner filed a **federal** habeas corpus petition in the United States District Court for the Northern District of Georgia. See *Bradley v. Thompson*, No. 1:00-CV-3421 (N.D. Ga. June 26, 2000). This petition was dismissed on June 26, 2000, for lack of exhaustion.

On October 26, 2007, the petitioner filed a **state** habeas corpus action in the Superior Court of Washington County, Georgia challenging his Morgan County conviction for felony murder. This action was denied in an order dated February 18, 2009. On May 18, 2009, the petitioner's subsequently filed application for a certificate of probable cause to appeal the denial of **state** habeas corpus relief was denied by Supreme Court of Georgia. On April 28, 2010, the petitioner executed the instant **federal** petition. Thereafter, on July 21, 2010, the respondent filed the within motion seeking dismissal.

## LEGAL STANDARDS

In pertinent part, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## **DISCUSSION**

In support of his motion seeking dismissal, the respondent made the following observations: 1) the petitioner was convicted and sentenced for the offense of felony murder on or about July 18, 1997: 2) the Georgia Supreme Court issued its opinion on the petitioner's direct appeal on September 11, 2000; 3) pursuant to Rule 13 of the Rules of the United States Supreme Court, the petitioner then had ninety (90) days in which to appeal this decision by applying for certiorari; 5) the petitioner failed to seek certiorari; 6) as a result, the petitioner's conviction became final on or about December 10, 2000.

In light of the above, the respondent then went on to note that, pursuant to 28 U.S.C. §2244(d)(A), the petitioner had one year from December 10, 2000 in which to file a **federal** petition or toll the applicable period of limitations by filing a state collateral attack. Consequently, and after noting that the petitioner's **state** habeas corpus action was filed long after the expiration of the above-described one (1) year period of limitations, the respondent concluded that the instant **federal** petition is untimely and should be dismissed.[2]

In his response, petitioner Bradley argues, *inter alia*, that he was somehow prevented from timely filing due to circumstances involving the fact that he was tried by the same prosecutor in two different counties for offenses arising from the same transaction. Having reviewed these arguments, the undersigned finds them to be neither responsive nor compelling. In the instant case, the respondent properly raised the affirmative defense that the instant petition was untimely filed. Petitioner Bradley has failed to demonstrate that the applicable period of limitations was tolled either equitably or statutorily.

---

[2] In the course of making his arguments, and in addition to pointing out that the petitioner's October, 2007 **state** habeas corpus action did not toll the one (1) year period of limitations as it was already expired, the respondent acknowledged that the petitioner's first **federal** petition was timely filed. This fact notwithstanding, the respondent also properly noted that as this initial **federal** petition was dismissed due to lack of exhaustion, it had no tolling effect upon the one (1) year period of limitations set forth in 28 U.S.C. § 2244(d). See *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [] first federal habeas petition.").

As careful consideration, and in view of the above, the undersigned finds the respondent's analysis of the application of the one (1) year limitations period to petitioner's case to be persuasive. The total amount of un-tolled time that elapsed between the petitioner's felony murder conviction becoming final and his April 28, 2010 execution of the instant **federal** petition seeking habeas corpus relief was three-thousand-four-hundred-twenty-six (3426) days. Because this amount of time clearly exceeds the one (1) year period of limitations, the undersigned finds that the instant **federal** habeas corpus petition was untimely filed.

Accordingly, **IT IS RECOMMENDED** that the respondent's motion seeking dismissal be **GRANTED** and that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **last address** provided by him.

**SO RECOMMENDED**, this 14th day of OCTOBER, 2010



                                      CLAUDE W. HICKS, JR.
                                      UNITED STATES MAGISTRATE JUDGE